UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIDS TOWN AT THE FALLS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF REXBURG<br><br>Defendant. | Case No. 4:20-cv-00083-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. Introduction

Pending before the Court is Kids Town at the Falls, LLC's ("Kids Town") Motion to Disqualify Counsel. Dkt. 12. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. Background

Plaintiff, Kids Town at the Falls, LLC—a limited liability company owned by Royce and Lauren Tatton—seeks injunctive relief against Defendant, the City of Rexburg, for four counts related to trademark and copyright infringement. Dkt. 1. Kids Town is represented by Shaver & Swanson, and the City of Rexburg is represented by Hall Angell & Associates ("Hall Angell").

MEMORANDUM DECISION AND ORDER - 1

The Tattons have operated Kids Town, an interactive discovery center in Ammon, Idaho, since June 26, 2017, offering educational programming as well as daycare for children. On October 31, 2018, the City of Rexburg opened "Kidsburg," a discovery center structured similar to Kids Town.

On November 2, 2018, Royce Tatton met with Austin Allen from Hall Angell to discuss possible claims that Kids Town may have against Kidsburg for infringement of intellectual property. Near the end of the meeting, Allen informed Tatton that Hall Angell may have a possible conflict of interest representing Kids Town. After the meeting, Allen investigated Kidsburg, and learned that it was owned and operated by the City of Rexburg, a long-time client of Hall Angell. That same day, Allen informed Tatton via email that his firm would not be able to represent Kids Town in the matter.

Kids Town, via different counsel, sent Kidsburg a cease and desist letter on December 7, 2018. The Rexburg City Attorney responded, leading Tatton to believe that Hall Angell would not represent Kidsburg in this matter. Then, six months later, Kids Town filed a Notice of Tort Claim with the City of Rexburg. Hall Angell responded to the claim.

Kids Town filed this complaint on February 18, 2020. Dkt. 1. Additionally, Kids Town sent Hall Angell a letter, requesting they withdraw from the case due to a conflict of interest. Within a few days, Hall Angell responded to the letter, outlining measures taken to screen Mr. Allen from the case, including implementing a "Chinese wall" to ensure Allen could not get access to the related documents and instructing firm employees not to discuss the matter with or near Allen.

Kids Town sent a subsequent letter to Hall Angell on March 23, 2020 requesting that they withdraw as counsel. However, Kids Town's counsel, Shaver & Swanson, also attempted to reach an early settlement agreement with Hall Angell. After discussions with Hall Angell indicated that an early settlement was not likely, Kids Town filed this Motion to Disqualify on May 29, 2020. Dkt. 12.

### III.     Legal Standard

A motion to disqualify is governed by state law. *Parkland Corp. v. Maxximum Co.*, 920 F.Supp. 1088, 1090 (D. Idaho 1996). Under Idaho law, the moving party has the burden of proof in such motions. *Id.* at 1091. The Idaho Rules of Professional Conduct ("I.R.P.C."), as adopted and interpreted by the Idaho Supreme Court, are instructive on motions to disqualify. *Id.* at 1091. Rule 1.18 governs a lawyer's duties to prospective clients, stating that a lawyer "shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." I.R.P.C. 1.18(c) (2014). If a lawyer is disqualified under Rule 1.18(c), the law firm may not continue representation in the matter unless both the prospective and current client give informed consent, or the disqualified lawyer takes steps to avoid exposure to more disqualifying information, is timely screened from the matter and apportioned no fees, and written notice is promptly given to the prospective client. I.R.P.C. 1.18(d) (2014).

While the Idaho Rules of Professional Conduct are instructive, a violation of such rules does not necessarily give an opposing party the right to impose the enforcement of a rule.

MEMORANDUM DECISION AND ORDER - 3

*Weaver v. Millard*, 819 P.2d 110, 115 (Idaho Ct. App. 1991); I.R.P.C. Preamble § 20 (2014) ("violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation."). Instead, trial courts are given broad discretion in considering motions to disqualify. *United States v. Obendorf*, 2016 WL 1595347, at *2 (D. Idaho Apr. 20, 2016); *Weaver,* 819 P.2d at 114. In reviewing such motions, "[t]he goal of the court should be to shape a remedy which will assure fairness to the parties and the integrity of the judicial process." *Crown v. Hawkins Co., Ltd.,* 910 P.2d 786, 795 (Idaho Ct. App. 1996). However, motions to disqualify brought by opposing counsel are "subjected to 'particularly strict judicial scrutiny'" due to the potential prejudice a party faces by having counsel disqualified and the opportunity to abuse such motions for a tactical benefit. *Pesky v. U.S.*, 2011 WL 3204707, at *1 (D. Idaho July 26, 2011) (quoting *Optyle Eyewear Fashion Int'l Corp. v. Style Co., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985); I.R.P.C. Preamble § 20 (2014) ("the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons"). Additionally, a motion to disqualify by opposing counsel should be brought promptly—either at the onset of litigation, or within a reasonable time after the facts upon which the motion is based become known. *Crown*, 910 P.2d at 795.

### IV. Discussion

Kids Town brings its Motion to Disqualify based upon an alleged conflict of interest pursuant to Idaho Rules of Professional Conduct 1.18. Rule 1.18 governs a lawyer's duties to a potential client. As noted, section (c) restricts the representation of a client in the same

matter if "the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." I.R.P.C. 1.18(c). As the party bringing the motion, Kids Town has the burden of proving that Allen received information during his November 2, 2018 with Tatton that could be significantly harmful to Kids Town. Here, Kids Town has not met that burden.

As explained, Royce Tatton met with Allen—an associate attorney at Hall Angell—on November 2, 2018 to discuss a possible claim against Kidsburg. During this November meeting, Tatton disclosed information concerning Kids Town's finances, potential strategies, potential claims, and estimated values. About forty-five minutes into the consultation, Allen became alerted to the fact that the City of Rexburg may be involved in the claim, ended the consultation, informed a partner at Hall Angell, and researched further. Upon discovering that the City of Rexburg does in fact own Kidsburg, Allen emailed Tatton to inform him of the conflict and that Hall Angell would not be able to represent Kids Town in this matter.

Here, Kids Town has not provided sufficient evidence that Allen received potentially significantly harmful information during this initiation consultation. While Kids Town describes the type of information Tatton disclosed, it does not explain why this information would be particularly harmful. Kids Town does not need to disclose in detail the confidential information revealed, but it does need to point to something more substantial than conclusory statements that the disclosure was harmful in the abstract.

That said, even if the information disclosed during this initial consultation was potentially harmful to Kids Town, disqualification would not be necessary because Hall

Angell immediately screened Allen from the case pursuant to Rule 1.18(d). Kids Town does not necessarily dispute that Hall Angell screened Allen from the case, but rather that the firm failed to comply with I.R.P.C 1.18(d)(2) because they did not immediately give Kids Town *notice* of their screening efforts. The comments to I.R.P.C. 1.18 provide that written notice should include a "general description of the subject matter about which the lawyer was consulted, and of the screening procedures employed" and "should be given as soon as practicable after the need for screening becomes apparent." I.R.P.C.1.18 cmt. 8 (2014).

In *Foster v. Traul*, the Idaho Supreme Court affirmed the denial of a motion to disqualify in which a former law clerk who had worked on the matter joined the law firm representing the defendant but did not provide proper notice pursuant to I.R.P.C. 1.12. 175 P.3d 186, 194 (Idaho 2007). The court noted that while an attorney may have a duty to disclose any conflict under the Idaho Rules of Professional Conduct, the court "does not have a mandatory duty to disqualify." *Id.* at 195. In affirming the denial of the motion, the court considered the harm done to the moving party. *Id.* Though the law firm failed to provide timely notice, the law clerk had in fact been properly and promptly screened from the matter, leaving little possibility of damage to the moving part. *Id.*

In the present case, Hall Angell did not provide notice of their screening procedures until February 21, 2020, over a year after the initial consultation between Allen and Tatton. However, like in *Foster,* Hall Angell did take the appropriate steps to ensure that Allen was screened off the case and apportioned no fees from the outset of the litigation—even if they did not tell Kids Town they were doing such during the same timeframe. As noted in a

MEMORANDUM DECISION AND ORDER - 6

letter sent to Swanson & Shaver on February 21, 2020, immediately upon discovering the potential conflict, Hall Angell implemented a "Chinese wall" to prevent Allen from accessing files related to the case and instructed firm employees not to discuss issues regarding the case with or near Allen. Dkt. 12-7, at 3. *See also* Dkt. 12-7, at 4 (outlining all the procedures Hall Angell implemented regarding Allen and this case to effectively comply with Idaho Rules of Professional Conduct). Because Allen was properly and timely screened from the matter, it is extremely unlikely that Kids Town will suffer any harm should Hall Angell continue their representation in this case. While Hall Angell could have provided notice in a timelier manner, their failure to do so does not require disqualification.

Finally, it is worth noting that Kids Town waited over three months from the filing of this lawsuit to bring its Motion to Disqualify. *See* Dkts. 1, 12. Motions to disqualify should be brought promptly, either at the outset of litigation or within a reasonable time upon discovering the potential conflict. *Weaver,* 819 P.2d at 116; *Crown*, 910 P.2d at 795. Kids Town had notice that Hall Angell would be representing the City of Rexburg prior to the filing of the Complaint on February 18, 2020 and could have brought such a motion at that time. However, Kids Town did not file its Motion to Disqualify until May 29, 2020, after it became apparent that there would not be an early settlement. In those three months, the City of Rexburg incurred expenses related to this litigation, including preparing and filing an Answer to the Complaint and developing litigation strategies. If Hall Angell were disqualified now, the City of Rexburg would face prejudice by having to start over with a new law firm. Because the Court should strive to "shape a remedy which will assure fairness to the parties," it would not be proper to disqualify Hall Angell in this case.

MEMORANDUM DECISION AND ORDER - 7

*Weaver*, 819 P.2d at 115

Motions to disqualify brought by opposing counsel are given heightened judicial scrutiny due to the possible prejudice a party may face by having counsel removed. Kids Town bears the burden of proving that disqualification is proper. Here, Kids Town has not met that burden. Kids Town has not established that any information disclosed at the November 2018 meeting was potentially, and/or, significantly harmful. Additionally, Hall Angell immediately took the appropriate steps to screen Allen from the matter. Because it does not seem likely that Kids Town will face any prejudice by Hall Angell continuing their representation of the City of Rexburg, disqualification in not appropriate. Accordingly, the Court DENIES the Motion.

## V. Order

1. Kids Town's Motion to Disqualify (Dkt. 12) is DENIED.

DATED: October 21, 2020

David C. Nye
Chief U.S. District Court Judge